**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Warren E. Peterson</u>

    **v.**                            Case No. 05-cv-55-PB
                                           Opinion No. 2006 DNH 146

<u>Jane Coplan, Former Warden
NH State Prison, Mary Ann
Wareing, former Dietician at
the NHSP, Christian Lanman, C.O.,
and Richard Caouette, C.O.</u>


**MEMORANDUM AND ORDER**

    Warren E. Peterson, proceeding pro se, brings this 42 U.S.C. § 1983 action against Jane Coplan, Former Warden NH State Prison, Mary Ann Wareing, former Dietician at the NHSP, Christian Lanman, C.O., and Richard Caouette, C.O. for alleged violations of his Eighth Amendment rights. Peterson, an inmate incarcerated in NHSP's Concord, New Hampshire facility, alleges that defendants denied him adequate medical and mental health care and a medical diet. Peterson seeks monetary relief for defendants' alleged past offenses.

    Defendants' have moved for summary judgment arguing that Peterson failed to exhaust administrative remedies as is required

by the Prison Litigation Reform Act of 1995 ("PLRA"). 42 U.S.C. § 1997e(a). Peterson filed an objection claiming, among other things, that he properly exhausted all administrative remedies available.

In order to exhaust administrative remedies in this context, a New Hampshire State Prison inmate challenging his conditions of confinement must submit (1) an inmate request slip, (2) a grievance to the Warden, and (3) a grievance to the Commissioner. <u>Lafauci v. New Hampshire Dep't of Corrections</u>, 2005 DNH 029, 37–38; Exh. 3.[1] Defendants contend that Peterson failed to satisfy step (1) because he failed to include a substantive complaint in his inmate request slip. They also argue that Peterson failed to satisfy step (3) because he never filed a grievance with the Commissioner.

Peterson objects, claiming that he satisfied all steps required for exhaustion. He has submitted documentation

---

[1] "The process is explained in the 'Manual for Guidance of Inmates,' a copy of which is provided to all inmates upon their arrival at the correctional facility. It is also outlined in the New Hampshire Department of Corrections Policy and Procedure Directive ("PPD") 1.16, entitled 'Complaints and Grievances by Persons under DOC Supervision,' another publication widely available to inmates." <u>Lafauci v. New Hampshire Dep't of Corrections</u>, 2001 DNH 204, 7–10.

sufficient to show exhaustion as to steps (1) and (2). He has also provided some documentary support for his claim that he mailed his grievance to the Commissioner on September 18, 2002, but that the prison mail service failed to deliver it.

After reviewing the motions and supporting documents, I have determined that there is a genuine dispute of material fact that precludes summary judgment on exhaustion grounds. Because failure to exhaust is a bar to Peterson's substantive claim, I decline to consider the merits of Peterson's substantive claim prior to the resolution of the exhaustion issue. Accordingly, I deny without prejudice defendants' motion for summary judgment (Document No. 28) in its entirety and refer the case to the Magistrate Judge for an evidentiary hearing to determine whether Peterson properly exhausted his administrative remedies. Specifically, the Magistrate Judge shall determine whether Peterson mailed a grievance to the Commissioner on September 18, 2002, as he claims.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

December 18, 2006

cc: Warren E. Peterson, pro se
    Mary E. Maloney, Esq