# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW HAMPSHIRE

Warren E. Peterson

    v.                                      Civil No. 05-cv-055-PB

Donna Roe, et al.

## O R D E R

Defendants filed a motion for summary judgment arguing that Peterson has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a). Plaintiff has objected claiming, among other things, that he properly exhausted all available administrative remedies.

The District Judge issued an Order (document no. 41) directing that I determine whether or not Peterson mailed a grievance to the office of the Commissioner of the New Hampshire Department of Corrections ("DOC") on September 18, 2002. An evidentiary hearing was held on February 1, 2007 where both parties produced evidence on that question.[1]

---

[1] The District Judge found the resolution of this factual dispute necessary to his determination of whether or not Peterson's administrative remedies had been properly exhausted.

The United States Supreme Court has recently affirmed that the failure to exhaust under the PLRA is an affirmative defense that must be plead and proved by the defendant. Jones v. Bock, 549 U.S. ___ (Jan. 22, 2007), 2007 WL 135890, *11. Defendant introduced the testimony of John Vinson, legal counsel to the Commissioner of the DOC as to the general procedures in place for recording and responding to inmate correspondence, including grievances, that arrive at the Commissioner's office. Vinson and his assistant, Patton Carter, both testified credibly that they conducted an exhaustive search of every piece of inmate correspondence that had arrived in the Commissioner's office between 1999 and 2006, and that they did not find the September 18, 2002 grievance that Peterson alleges he sent.

That finding, however, does not end the inquiry. Peterson testified that he complied with the grievance procedures outlined in Policy & Procedure Directive 1.16, which governs inmate grievance procedures, in that, on September 18, 2002, Peterson sent a third tier grievance[2] to the Commissioner's office through

---

[2]The parties agree that a grievance must first be submitted to a Unit Manager or other individual responsible for resolving the issue on an Inmate Request Slip, and that if the inmate is not satisfied with the resolution obtained, he may appeal the decision to the Warden, and that an inmate dissatisfied with the

the prison's internal mail system.  In support of this assertion Peterson testified that he has a specific memory of placing his correspondence to the Commissioner into the internal prison mail system on September 18, 2002 because it was a very emotional issue for him, and he can recall the actions he took to pursue redress of his complaints.  Peterson further testified that he retained a copy of his September 18, 2002 correspondence on which he, contemporaneously with sending the grievance, made a note indicating that the document was sent to the Commissioner on that date.  Finally, Peterson testified that he maintained a log of most of his actions in pursuing grievances, and that while the log did not reflect his September 18, 2002 mailing, it did reflect that he requested the grievance form to file with the Commissioner's office from his Unit Manager on September 17, 2002.

Peterson then testified credibly that the internal mail system at the prison is notoriously unreliable.  Peterson provided anecdotal testimony as well as documentation of numerous examples of problems with the internal mail system.  Accordingly,

---

Warden's resolution must, in most cases, appeal by filing a third tier grievance with the DOC Commissioner.

while I believe the testimony of Vinson and Carter that the September 18, 2002 grievance never arrived in the Commissioner's office, I find that testimony alone to be inadequate to meet the defendant's burden to prove that no such grievance was ever mailed, given the frequency and severity of difficulties with the internal prison mail. Moreover, as Peterson was credible in his recounting of the events concerning the September 18, 2002 correspondence, I find that Peterson's testimony that the grievance was mailed to the Commissioner on that date is sufficient to defeat the defendant's proof. Accordingly, I find that Peterson did, on September 18, 2002, mail his grievance to the Commissioner.[3]

**SO ORDERED.**

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date: February 2, 2007

cc: Warren E. Peterson, pro se
Mary Maloney, Esq.

---

[3] I make no determination as to the precise contours of the claims exhausted as such determination is outside the scope of the purpose of the February 1, 2007 hearing.

4